UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-81141-CV-MIDDLEBROOKS/Brannon

XUEJUN MAKHSOUS, LIXING YAN,
LINGFENG DUAN, ZHIZHEN YIN,
LILI ZHANG, YING YU, SHIANGQUAN SUN,
XIAOFEI LIU, XUEZHENG DING,
JIANGMAN CHEN, and JANE DOE 1-99,

    Plaintiffs,

v.

NICHOLAS MASTROIANNI, II,
U.S. IMMIGRATION FUND, LLC,
701 TSQ 1000 FUNDING, LLC,
701 TSQ 1000 FUNDING GP, LLC,
1568 BROADWAY FUNDING 100, LLC,
1568 BROADWAY FUNDING 100 GP, LLC,
and RONALD FIELDSTONE,

    Defendants.[1]
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE is before the Court *sua sponte*. On February 25, 2021, I issued an Order granting Plaintiffs leave to file an Amended Complaint. (DE 40). Therein, I directed Plaintiffs to separately file their Amended Complaint in the court record by February 26, 2021 and warned that "[f]ailure to do so may result in dismissal of this action for failure to comply with court orders and/or failure to prosecute." (*Id.*). Plaintiffs failed to heed my directive and advisement. Instead, they filed an Amended Complaint on March 2, 2021—more than three days late—with no motion for leave to file out of time. (DE 41).[2] As such, and for the reasons set forth below, I will strike the

---

[1] In this Order, I refer to Defendants Nicholas Mastroianni, II, U.S. Immigration Fund, LLC, 701 TSQ 1000 Funding, LLC, 701 TSQ 1000 Funding GP, LLC,1568 Broadway Funding 100, LLC,1568 Broadway Funding 100 GP, LLC as the "USIF Defendants."

[2] I note that the Amended Complaint (DE 41) appears virtually identical to the Amended Complaint Plaintiffs' impermissibly filed on December 15, 2020, which I struck. (DE 32). Both curiously contain the same "Certificate of Good Faith Conference," which states that counsel for

Amended Complaint (DE 40) and dismiss this action without prejudice for failure to comply with court orders.

I dismiss this matter against the backdrop of multiple violations of this Court's Local Rules and Orders, which I detailed in my Order granting leave to amend. (DE 40). I concluded that Order with several admonishments directed toward Plaintiffs' counsel:

> A district court's local rules carry "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (citation and quotation marks omitted). Failure to comply with them, as Plaintiffs' counsel has done, may serve as grounds for sanctions. In addition, continued failure to comply with this Court's orders may result in dismissal of this case without prejudice. The filing of an amended complaint should be a fairly straightforward litigation task. The manner in which Plaintiffs undertook that task in this case has caused an unnecessary waste of resources, both from the standpoint of judicial efficiency and in terms of litigation costs. Going forward, Plaintiffs must strictly follow the Federal Rules of Civil Procedure and this Court's Local Rules, all of which are designed to ensure the most efficient resolution of cases in federal court.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). As such, "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.* (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id.* (citation omitted).

In light of the Court's inherent authority, and because Plaintiffs have failed to comply with the Order Denying Without Prejudice Plaintiffs' Motion for Extension of and Leave to File Amended Complaint (DE 30), the Order to Show Cause (DE 39), and the Order Granting Motion for Leave to File Amended Complaint (DE 40), and the deadlines to do so have passed without

---

all Parties "agreed that the subject Amended Complaint would be filed by 3p.m. on Tuesday, December 15, 2020." (*Compare* DE 32 at 18 *with* DE 41 at 18).

2

Plaintiffs seeking an extension, it is **ORDERED AND ADJUDGED** that:

(1) The Amended Complaint (DE 41) is **STRICKEN**.

(1) This case is **DISMISSED** without prejudice for failure to comply with court orders.

(2) The Clerk of Court shall **CLOSE THIS CASE**.

(3) Any pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of March, 2021.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record